```
              UNITED STATES DISTRICT COURT FOR THE
                WESTERN DISTRICT OF NORTH CAROLINA
                        CHARLOTTE DIVISION
                          3:09CV229-MU-02
```

DAVID E. SIMPSON,                      )
                                       )
    Petitioner,                        )
                                       )
        v.                             )         O R D E R
                                       )
UNION COUNTY DISTRICT ATTORNEY for     )
   the State of North Carolina,        )
                                       )
    Respondent.                        )
_____)

**THIS MATTER** is before the Court upon initial review of the Petitioner's petition for a Writ of Habeas Corpus, filed June 19, 2009. For the reasons stated herein, such Petition summarily will be denied.

On October 17, 2003, Petitioner was convicted in the case of United States v. Simpson, 5:02CR43-T, of conspiring to defraud the United States by trafficking in or using one or more unauthorized access devices, bank fraud and/or aiding and abetting that offense, and money laundering. On that occasion, Petitioner was sentenced to a total of 78 months imprisonment. After receiving credit for time spent in pre-trial detention, Petitioner satisfied his sentence and was released from confinement in June 2007.

In or about July 2007, Petitioner was arrested on State charges for assault, possession of stolen goods, possession of burglary tools, breaking and entering and larceny after breaking

and entering. In March 2008, a writ was executed, bringing Petitioner into federal custody in order to answer for the foregoing violations of his three-year federal supervised release term. On June 28, 2008, a hearing was held after which Petitioner's supervised release term was revoked and he was sentenced to a term of 36 months imprisonment.

On July 2, 2008 and in December 2008, Petitioner submitted requests to the Union County District Attorney and the Union County Clerk of Court demanding a speedy trial on his State charges. In the meantime, however, on July 15, 2008, Petitioner was returned to State custody. Petitioner currently is in the custody of the Craven Correctional Institution, which facility is located within the Eastern District of North Carolina. Nevertheless, Petitioner has come to this Court on the instant Petition under 28 U.S.C. § 2241, essentially complaining that his right to a speedy trial is being violated. By way of relief, Petitioner asks the Court to issue a writ of habeas corpus, and direct his custodian to release him and to have the State dismiss his charges with prejudice.

However, the law is clear that a § 2241 Petition must name the petitioner's custodian as the respondent to the action. See 28 U.S.C. § 2242 (the petition shall state "the name of the person who has custody over him . . ."). More significantly, in order to be entitled to review in federal court, a petitioner must first fully exhaust his available state remedies before resorting to federal

court.  See Kane v. State of Va., 419 F.2d 1369, 1370 (4th Cir. 1970) (exhaustion of available state remedies requires a petitioner to present his claim of a speedy trial violation to the State courts before resorting to federal court); Brown v. Keohane, 475 F.Supp. 943, 944 (D.C. Va. 1979) (a § 2241 petition challenging Virginia's alleged speedy trial violation dismissed for petitioner's failure to exhaust remedies by litigating claim at "all available levels of State courts.").  See also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-92 (1973) (noting requirement for exhaustion of "all available state remedies as a prelude to this [§ 2241] action"); Dickerson v. Louisiana, 816 F.2d 220, 226-27 (5th Cir. 1987) (affirming denial of pretrial habeas relief on Sixth Amendment speedy trial claim, commenting on lack of authority justifying grant of pretrial relief); and Carden v. State of Mont., 626 F.2d 82 (9th Cir. 1980) (noting exhaustion requirement and reversing grant of habeas corpus relief on pre-trial speedy trial claim, finding it must be brought in underlying criminal trial proceeding).

Here, Petitioner has failed to name his actual custodian as the respondent to this action.  Moreover, this Petition reflects that Petitioner merely has directed his demands for a speedy trial to Union County's District Attorney and its Clerk of Court.  Petitioner has not sought relief in any State court.  Therefore, this action must be dismissed, ultimately as premature inasmuch as

Petitioner has failed fully to exhaust his State remedies.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant petition for a Writ of Habeas Corpus be **DISMISSED without prejudice.**

**SO ORDERED.**

Signed: June 16, 2009

Graham C. Mullen
United States District Judge